IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

REYNOLDS INNOVATIONS INC., )
)
    Plaintiff, )
)
)
vs. ) Civil Action No. 1:12-cv-00268
)
MOUNTAIN VAPOR, INC. d/b/a )
"MtnVapor.com"; DENNIS PUTNAM, )
individually and d/b/a "MtnVapor.com"; )
and COLEY SELLARS, individually and )
d/b/a "MtnVapor.com," )
)
    Defendants. )
)

FILED
ASHEVILLE, NC
NOV 06 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Reynolds Innovations Inc. ("RII") and Defendants Mountain Vapor, LLC d/b/a MtnVapor.com; Dennis Putnam, individually and d/b/a MtnVapor.com; and Coley Sellars, individually and d/b/a/ MtnVapor.com (collectively "Defendants"), have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    RII is a North Carolina corporation with a place of business at 401 North

Main Street, Winston-Salem, North Carolina.

2.   RII is a trademark holding company and subsidiary of R.J. Reynolds Tobacco Company. RII is the owner of distinctive trademarks, including but not limited to trademarks consisting of the word "CAMEL," alone or in conjunction with depictions of a camel or other words, and trademarks consisting of the word "WINSTON," alone or in conjunction with design elements or other words.

3.   RII, through its predecessors-in-interest and affiliates, has used the CAMEL trademarks continuously for ninety-nine (99) years in connection with tobacco products, including but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII's predecessors-in-interest and/or to RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4.   RII has registered various versions of its CAMEL marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, *inter alia*, U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; 1,502,414; and 3,211,464. All of these registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5.   Reynolds has used the WINSTON trademarks continuously for sixty (60) years in connection with tobacco products, including but not limited to cigarettes.

6. RII has registered various versions of its WINSTON marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 636,355; 1,030,233; 1,742,475; 2,330,639. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "WINSTON Marks.")

7. As a result of many decades of continuous use and promotion of the CAMEL Marks and the WINSTON Marks, RII's CAMEL Marks and WINSTON Marks have acquired a high degree of recognition and fame throughout the United States as symbolic of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks and the WINSTON Marks and identifies those marks with Reynolds. The CAMEL Marks and the WINSTON Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

8. Mountain Vapor, LLC is a limited liability company organized under the laws of the State of North Carolina with a place of business in Hendersonville, North Carolina.

9. Defendant Dennis Putnam is a resident of Mills River, North Carolina, and co-owner and co-operator of Mountain Vapor, LLC and the website located at MtnVapor.com.

10. Defendant Coley Sellars is a resident of Fairview, North Carolina, and co-owner and co-operator of Mountain Vapor, LLC and the website located at MtnVapor.com.

11. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the CAMEL Marks, or colorable imitations of the CAMEL Marks that are confusingly similar to the CAMEL Marks.

12. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the WINSTON Marks, or colorable imitations of the WINSTON Marks that are confusingly similar to the WINSTON Marks.

13. On August 29, 2012, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleged claims for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; unfair or deceptive trade practices arising under N.C. Gen. Stat. §§ 75-1 *et seq.*; and trademark infringement and unfair competition arising under the common law of the State of North Carolina.

14. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendants to RII of a confidential amount of money.

15. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, this Court has subject matter jurisdiction over RII's claims against Defendants.

16. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district.

Defendants own and operate the website located at MtnVapor.com ("Defendants' Website"), which is an interactive website that is accessible by Internet users in this district and offers goods to residents of North Carolina. The infringing products that Defendants offer under the CAMEL Marks, or colorable imitations thereof, and WINSTON Marks, or colorable imitations thereof, and make available through Defendants' Website to purchasers in the United States, are capable of being ordered, and have been ordered, by purchasers in North Carolina, and are capable of being shipped, and have been shipped, to purchasers in North Carolina.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and their members, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    a) using, advertising, promoting, displaying, or making any use whatsoever, in connection with the advertisement, promotion, or sale of tobacco, tobacco-related products, or vapor products or vapor-related products, of (i) the designation "CAMEL," or any colorable

imitation of the CAMEL Marks; (ii) visual or graphic depictions of a camel or of camels; (iii) the designation "WINSTON," or any colorable imitation of the WINSTON Marks; and (iv) the following Reynolds trademarks or any colorable imitations thereof: BARCLAY, BELAIR, CAPRI, CARLTON, DORAL, ECLIPSE, GPC, KOOL, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, SALEM, TAREYTON, VANTAGE, and VICEROY;

b) engaging in any other activity constituting an infringement of RII's trademarks; and

c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals to believe erroneously that Defendants are in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Defendants shall pay to RII the confidential amount of money agreed upon by the parties.

3. RII and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. RII and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendants' obligations set forth in this Consent Judgment, RII's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the ___6___ day of __November__, 2012.

_____
United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

## CONSENTED AND AGREED TO BY:

PLAINTIFF:

**REYNOLDS INNOVATIONS INC.**

Signature: *Michael J. Madigan*

Printed Name: Michael J. Madigan

Title: Secretary

Date: 10/30/12

DEFENDANTS:

**MOUNTAIN VAPOR, LLC**

Signature: *Coley M. Sellars*

Printed Name: Coley M. Sellars

Title: Managing Member

Date: 10/31/12

**DENNIS PUTNAM**

Signature: *[signed]*

Date: 10/31/12

**COLEY SELLARS**

Signature: *Coley M. Sellars*

Date: 10/31/12

US2008 3989029 1